STAPLES, J.,
delivered the opinion of the court.
Floyd Tanner died in the county of Pitt-sylvania in the year 1863, possessed of considerable real and personal properly. Administration upon his estate with the will annexed was committed to C. D. Bennett, then sheriff of the county. Among the assets or choses in action which came to the hands of Bennett as such administrator, was a bond of $1,785.19 executed to the testator by Dr. B. F. Terry, of Prince Edward county in the year 1857. No part of the money due upon this bond was ever collected by Bennett; but the whole of it was ultimately lost to the estate of Tanner, by the-insolvency of Terry. The present controversy grows out of an attempt of the appellant to fix upon Bennett a devastavit in failing to institute suit and obtained judgment upon this bond. It is conceded that Bennett placed the bond in the hands of H. F. Parrish, an attorney at law residing in Prince Edward, for collection, by suit or otherwise. The appellant insists this was not done, however, until the year 1867. after Terry’s failure, and after he had executed a deed conveying his *real estate for the benefit of certain Cheshire, 2 Iredell Eq. R. 569, 573. Parrish is produced bearing date 12th August, 1867, in which it is staled that he had received of Bennett Terry’s bond for collection; and this would seem to sustain appellant’s theory of the transaction. On the other hand Mr. Parrish, whose deposition was taken by the appellee, states very positively, that he received the bond from Bennett in the year 1863. At the time this deposition was taken the receipt - was in the possession of Tanner’s representatives, their counsel might have cross-examined the witness and called for an explanation of the apparent conflict between his statement and the date of the receipt. It was due to the witness that such an opportunity should be afforded him before any unfavorable inference could be drawn against the truth of his testimony. Nothing however was said about the receipt until it was filed as an exhibit with the commissioner who was directed to take the account.
The receipt does not necessarily prove that Mr. Parrish is mistaken with regard to the time the bond was placed in his hands. It is probable that the bond may have been sent to him during the war and the receipt given on the day of its date. One thing would seem to be clear, if-1 Mr. Parrish is to be believed at all, the bond was in his possession long before Terry made any conveyances of his properly, and before judgments were recovered against him. Mr. Parrish says that he as well as other atorneys having claims against Terry for collection, were deterred from bringing suit upon them, because they were afraid that so soon as these suits were commenced Terry would at once give a preferred deed. As Mr. Parrish’s deposition is very brief, and covers the entire ground of defence, I will give his statement in his own words. He says in answer to a question: ;|t“Not long after October, 1863, I received from Col. C. D. Bennett, of Pitt-sylvania, a bond (the one referred to in the question and in the proceedings in this suit) for collection by suit or otherwise; I en-quired into the pecuniary condition of Dr. Terry, the defendant, and became convinced that it would be inexpedient and injudicious to bring suit on it, and did not do so for some time. I was induced to believe from *438 enquiries that if suit was brought Dr. Terry would be likely to make a deed, and after consultation with a number of lawyers in active practice in Prince Edward county, and especially with the late John W. Wilson, a lawyer of distinction and well known as a good collector, and who, also, had a claim against said Terry, I became convinced that it was best to pursue the course above indicated; but I finally did bring a suit in order to place my client in as good a position as other creditors who were seeking judgments.”
In these statements he is corroborated by the testimony of other witnesses. Judge Dickenson whose deposition is filed in the record, says — “I am unable to say what would have been the effect upon Dr. Terry or his creditors of a suit in 1863, except from what occurred in the winter of 1865-6. Suits were brought against him by several creditors to the January rules, 1866; and he sold and conveyed his land prior to the court at which judgments were rendered, so that no liens were obtained on the land, and the judgments were unavailing. Perkinson’s bond had been in my hands for some time. I deemed it best to seek a judgment, but my client was dissatisfied at my having subjected him to the costs of what he regarded an unnecessary suit.”
It appears indeed that other creditors brought suit in January, 1866, and that Terry very soon thereafter in anticipation of the judgments against him, made the *sale and conveyance of his real estate already referred to for the benefit of certain preferred creditors, and not long afterwards went into bankruptcy. None of his creditors ever realized a dollar of their claims, except those included in the deed; so that if Bennett’s counsel had instituted suit at the earliest period, other creditors would have done the same; and if he had succeeded in obtaining judgment it is almost certain it would have availed nothing.
Bennett seems to have done all it was incumbent upon him to do in the exercise of a reasonable diligence. He was at the time sheriff of the county of Pittsylvania, and would scarcely be expected to give personal attention to the- collection of claims due his testator from debtors residing in distant counties. The country was then in a state of war. The currency in circulation was greatly depreciated,. and down to the year 1866, it was almost impracticable even to obtain judgments where the debtor chose to interpose objections. It seems to me therefore very clear that neither Bennett nor his counsel were guilty of any such negligence with respect to the bond in question as would convict Bennett of a devastavit in the administration of Tanner’s estate. This view renders unnecessary any decision of the interesting question so ably discussed by .the appellee’s counsel; and that is, whether a personal representative having placed a claim in the hands of a discreet and reliable lawyer can be held responsible for the debt, if the lawyer should fail to •prosecute a suit with proper diligence.
Ttjere are _ several other questions presented m the petition for an appeal, but they involve very trivial sums, and do not require any special consideration. They were correctly decided by the circuit court; and for the reasons already stated the decree is affirmed.
Decree affirmed.